PUCKETT *v.* NEEDHAM.

4-5452                                         127 S. W. 2d 800

Opinion delivered April 24, 1939.

*Tom F. Digby,* for appellant.

*Chas. S. Harley* and *Gerland P. Patten,* for appellee.

GRIFFIN SMITH, C. J. The appeal questions correctness of an order setting aside that part of a former decree adjudicating property rights, sustaining liens on interventions, and confirming the commissioner's report of sale, etc. We sustain the action of the chancellor.

Clark Needham sued for divorce in an action filed January 14, 1936. The complaint asked that title to certain real property be divested out of Goldina Needham and vested in plaintiff. Summons was served January 15. Five interveners, claiming to have performed labor and to have supplied materials in constructing or repairing a residence on the property, requested priority liens. A sixth intervener (April 25, 1936) alleged he held a tort

judgment rendered against Goldina Needham in January, 1936, and prayed that a lien be declared on the property described in Clark Needham's complaint.

Decree was rendered June 11, 1936. The husband was granted a divorce; title to the property was vested in him; the five interveners were given first liens, and the judgment creditor was given an inferior lien. Sale was decreed. Appellants H. S. Puckett and Mary D. Puckett, husband and wife, were purchasers at the sale July 31, 1936, for $450. Such sum was paid into the registry of the court and distributed to the interveners, the commissioner's deed having been approved.

In October of the same year, Goldina Needham filed her petition in chancery court to set aside the decree and order of confirmation. She alleged that she had an adequate defense; that as to the five interveners claiming for materials and labor, payment had been made. There was the further allegation that at the time the judgments and decree were rendered, the petitioner was a prisoner, confined in a federal penitentiary at Alderson, West Virginia; that no defense was made by her or in her behalf, and that the proceedings were void. The court acquiesced.

In March, 1937, answer was filed by Goldina Needham. There were denials of all allegations of the complaint on which Clark Needham obtained divorce and as a consequence of which title to the property was taken from the then defendant. Appellants (Mr. and Mrs. Puckett) were made cross-defendants. Recovery of rents during the period appellants had been in possession was asked. The former proceedings (other than the decree of divorce) were vacated. Title to the property was reinvested in Goldina Needham. She was also given judgment for $70 rental value.

This appeal is from the final decree in Goldina Needham's favor.

Section 56 of the Civil Code[1] provides that "No judgment can be rendered against a prisoner in the penitentiary until after a defense has been made for him by

---

[1] Pope's Digest, § 1337.

his attorney, or, if there is none, by a person appointed by the court to defend for him."

It is conceded that when the decree in question was rendered Goldina Needham was in federal prison. This situation was not called to the court's attention—for the reason, presumably, that the attorneys were not aware of the defendant's status. Certainly the court was not; for, if that fact had been known, an attorney would have been appointed to represent the defendant.

There is this paragraph in appellants' brief: "The action of the court in setting aside the original decree, as we understood it, was based solely upon [§ 1337 of Pope's Digest]. So far as we have been able to determine, the question presented here has never been determined by our court, and is, therefore, one of first impression. However, it will be noted from the data submitted . . . that service of summons issued upon the complaint was had on the defendant Goldina Needham in Pulaski county on January 15, 1936, and that although the decree was not rendered until June 11, 1936, at which time the defendant was a prisoner in the penitentiary, her time for filing an answer to the complaint had long since expired, and although she remained in Pulaski county from the date of service of the summons on January 15, 1936, until May 11, 1936, she failed to file an answer or make any defense to the action whatever."[2]

Appellants contend that failure of the court to appoint an attorney to defend for Goldina Needham was an irregularity; that the decree and judgments were not void, and that confirmation cured. We do not agree with this construction of the statute. Summons was served on the defendant while she was in the Pulaski county jail. The judgments and decree were in consequence of her apparent default. She had no attorney; or, if she did, he did not appear. An attorney *ad litem* appointed by the court, as the statute contemplates, if diligent, would have ascertained the fact of the defendant's prison

[2] Goldina Needham testified that when she was arrested in Pulaski county about January 6, 1936, she was placed in jail, and that she remained there until transferred to federal prison in May of the same year.

status. Under the statute, the *fact* of confinement in the penitentiary deprives the court of jurisdiction until answer is filed by the defendant's attorney, or until the attorney appointed by the court has made proper defense.

In *McLaughlin* v. *McLaughlin,* a Missouri case,[3] an applicable statute provided that sentence in the penitentiary for less than life suspended civil rights during the term. Another statute authorized the court to appoint a trustee of the estate of a convict so sentenced, with power to settle accounts between the convict and his creditors. It was held that, where the estate of a convict is attacked, a trustee must be in court as a party; and where, in a suit for divorce by the wife of a convict, alimony is sought, the trustee must be made a party so far as the suit may affect the prisoner's property, but not insofar as the suit may affect the granting of a divorce. Hence, a judgment awarding the wife of a convict a divorce and title to the real estate of the convict, rendered in a suit in which the trustee for the convict was not a party, was held void as to the real estate.

While in Missouri the convict's civil rights are suspended, such is not the case in Arkansas. And yet, the state's solicitude for the convict's property rights shows a purpose to meticulously refrain from infringing upon such. This is shown by the statute (§ 1372 of Pope's Digest) which provides that "Where the defendant is a prisoner in the penitentiary, a copy of the complaint [in a civil suit] must accompany the summons, and the service must be upon the keeper of the penitentiary, who shall deliver the copies of the complaint and summons to the defendant. And a copy of the summons must also be delivered to the wife of the prisoner; or, if he has no wife, left at the place where he resides, or claimed to reside, prior to his confinement, with some person of the age of 16 years."

This statute, of course, is not involved in the instant case, but it serves to emphasize the state's policy in dealing with those whose liberty has been restrained by its processes.

---

[3] 228 Mo. 635, 129 S. W. 21, 37 Am. St. Rep. 680.

We do not agree with appellant that the proceeding was one characterized by irregularity alone, or that confirmation cured the vice. The chancellor, without knowledge that Goldina Needham was in prison, rendered a judgment taking her property. When the chancellor discovered the true condition, he very promptly and very properly held that the former decree was void.

Affirmed.