Hilary DAVIS et al., Plaintiffs,

v.

William J. PAGE, Jr., et al., Defendants.

No. 76–1068–Civ–SMA.

United States District Court,
S. D. Florida.

Nov. 23, 1977.

Carol Hewett, Daytona Beach, Fla., Michael R. Masinter, Delray Beach, Fla., Stephen W. Bricker, Richmond, Va., for plaintiffs.

Thomas A. Beenck, Tallahassee, Fla., Chester G. Senf, Jacksonville, Fla., J. Robert Olian, Homestead, Fla., for defendants.

## MEMORANDUM OPINION

ARONOVITZ, District Judge.

In this class action, Plaintiff seeks declaratory relief holding and declaring unconstitutional the conducting of child dependency proceedings against indigent parents in the Juvenile Court Division of the Circuit Court, Dade County, Florida without providing them counsel at the state's expense.

Plaintiff, Hilary Davis, represents a class composed of all indigent parents who have been or may be defendants in child dependency and neglect proceedings in Juvenile and Family Division of the Circuit Court of Dade County, Florida, without being advised of their rights to counsel or afforded the right to counsel at state's expense, if indigent. Defendants are the Judges of the Juvenile and Family Division of the Dade County Circuit Court acting in their official capacity and thus as and for the State of Florida. Plaintiff further seeks to enjoin dependency hearings without providing counsel to indigent parents.

In a separate count, Plaintiff seeks a writ of habeas corpus to secure the release of her child from the continuing supervision by the Florida Department of Health and Rehabilitative Services under the continuing jurisdiction of the Dade County Circuit Court.[1] The defendants in the habeas

---

1. Plaintiff originally sought restoration of custody. However, during the course of these proceedings, custody was restored to her subject to supervision by the state and the continu-

ing jurisdiction of the Circuit Court. The plaintiff's child is still "in custody". See *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). See also *Carafas v. La-*

count are the Secretary of said Department and three subordinate officials of the Department of Health and Rehabilitative Services.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sec. 2241 et seq. and 28 U.S.C. Sec. 1343(3) and (4).

At an earlier hearing, this Court certified this case as a class action under Fed.R.Civ.P. 23(b)(2). The case is before the Court on Plaintiff's Motion for Summary Judgment. Since there are no material facts in dispute, summary judgment is appropriate.

## FACTUAL BACKGROUND

On January 30, 1976, Hilary Davis, the mother of Carl Thor Davis, left her husband because he beat her 14-month old baby until he broke the baby's arm. After spending the night in the hospital with her son, Hilary Curtis Davis turned to the state for help.

The state, which operates public assistance programs designed to help abandoned families,[2] responded on February 4, 1976 by initiating a dependency proceeding under F.S. Sec. 39.01 et seq. to remove Carl Thor Davis from the custody of his mother.

An initial hearing took place later during the day of February 4, 1976 in the Juvenile and Family Division of the Dade County Circuit Court before a Circuit Court Judge during which the state sought an order directing the hospital to release Carl Thor Davis to the Florida Department of Health and Rehabilitative Services. Hilary Davis attended the hearing without counsel. The Court granted custody of Carl Thor Davis to the state pending a formal adjudicatory hearing scheduled for March 4, 1976. According to the record the Judge did not offer to appoint counsel to represent Hilary Davis during the hearing on February 4, but advised her to have counsel at the adjudicatory hearing.

Because she was indigent, Hilary Davis was unable to retain private counsel to represent her at the March 4 adjudicatory hearing. Recognizing her need for legal assistance, she repeatedly attempted to secure the services of an attorney employed by Legal Services of Greater Miami, Inc. However, she was unable to secure representation, and she appeared at the dependency adjudicatory hearing without counsel.

Dependency adjudicatory hearings proceed pursuant to Fla.Stat. Sec. 39.-09(1)(b). The state must prove its case by a preponderance of the evidence, and the rules of evidence generally applicable to civil proceedings apply.[3] While the state is represented by counsel,[4] nothing in the statutory framework authorizes or requires the appointment of counsel to represent indigent parents.[5] Dependency adjudicatory hearings should not be held without advising parents of their right to counsel and without appointing counsel for those parents who are indigent.

Without benefit of counsel, Hilary Davis was little more than a spectator in the adjudicatory proceeding. She was ignorant of the law of evidence, and of the substantive law governing dependency proceedings. She sat silently through most of the hearing, and fearful of antagonizing the social workers, reluctantly consented to what she

---

Velle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

2. The state participates in the jointly funded federal-state program of Aid to Families With Dependent Children (AFDC), 42 U.S.C. Sec. 601 et seq. Because the plaintiff and her child had no income, and was separated from her husband, they would have qualified for financial assistance and medical care under the AFDC program.

3. Fla.Stat. Sec. 39.01(10) provides alternative grounds for a finding of dependency. The constitutionality of those provisions is not before the Court in this proceeding.

4. Fla.Stat. Sec. 39.05(4) provides that the State Attorney shall represent the state in contested proceedings.

5. Fla.Stat. Sec. 39.09(1)(a) authorizes a continuance upon request of a parent who wishes to attempt to retain counsel.

believed would be the placement of her child with the state for a few weeks.

The Juvenile Division Court conducted the adjudicatory hearing. According to the transcript Hilary Davis was not asked if she wished to be represented by counsel, and at no time did the Court offer to appoint counsel to represent her [6] since there is no statutory authority in Florida for payment of such attorneys' fees. Rather, Carl Thor Davis was adjudicated dependent, committed to temporary custody of the Department of Health and Rehabilitative Services pursuant to Fla.Stat. Sec. 39.10(4) and Sec. 39.11(1)(c). At the conclusion of the hearing, the Court told Hilary Davis to contact a lawyer. She was not advised of her right under Fla.Stat. Sec. 39.14(1) to appeal from the adjudication of dependency.

The Order adjudicating Carl Thor Davis dependent carried far-reaching legal consequences.[7] Fla.Stat. Sec. 39.11(1)(c) specified that temporary custody "shall continue until terminated by the court or until the child reaches the age of 18." Thus, the "temporary" custody which Plaintiff believed would last a few weeks to enable her to find a job can potentially last for another 16 years. Subsequent state proceedings are categorized as disposition hearings rather than adjudicatory hearings; while traditional rules of evidence govern adjudicatory hearings, virtually no evidentiary rules limit the receipt of evidence at disposition hearings.[8] While the state bears the burden of proof in an adjudicatory hearing, the parent bears the burden of proof in a disposition hearing and must prove that restoration of custody is in the best interests of the child.[9]

The consequences of an adjudication of dependency are aptly illustrated by the in-

stant case. Plaintiff's child was removed because her former husband beat him on January 30, 1976. On January 30, 1976, Plaintiff left her husband. On March 4, 1976, the Circuit Court finally adjudicated Plaintiff's child dependent. Plaintiff later obtained counsel, securing a dissolution of her marriage. Through subsequent litigation in the state proceedings, she obtained weekend home visits with her son and on January 28, 1977, Plaintiff finally secured the return of her son, subject to continuing supervision and under the continuing jurisdiction of the Circuit Court. Thus, Plaintiff lost the custody of her son for a full year.

## PROCEDURAL DUE PROCESS AND THE RIGHT TO COUNSEL

The procedural safeguards which must attend interruption of a constitutionally protected right vary with the nature of the state proceedings and the nature of the right at issue. *Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). In articulating the balancing test which determines what process is due, the Supreme Court has stated that "the extent to which procedural due process must be afforded . . . is influenced by the extent to which [an individual] may be 'condemned to suffer a grievous loss'." *Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). Thus, the initial inquiry must focus upon the interest which Plaintiff seeks to protect—the integrity of her family.

The right to the integrity of the family is among the most fundamental rights under the Fourteenth Amendment. The Supreme Court first recognized that right in *Meyer v. Nebraska*, 262 U.S. 390, 43

---

6. The transcript of the dependency hearing reflects that she had attempted without success to obtain the services of an attorney.

7. The resulting long term damage to the parent-child relationship is described in the affidavits of Sally A. Provence, M.D., Albert J. Solnit, M.D., and Andre P. Derdeyn, M.D.

8. Compare Fla.Stat. Sec. 39.09(1)(b) *with* Fla. Stat. Sec. 39.09(3).

9. *Compare* Fla.Stat. Sec. 39.09(1)(b) and Fla. Stat. Sec. 39.01(10) *with* Fla.Stat. Sec. 39.09(3) and Fla.Stat. Sec. 39.11(1)(a)–(d). *Pendarvis v. State*, 104 So.2d 651 (Fla.App.1958) held that evidence inadequate to support a finding of dependency nevertheless may be adequate to support a refusal to restore custody, even when the parents demonstrate their fitness, ability, and willingness to properly rear their child.

S.Ct. 625, 67 L.Ed. 1042 (1922). In *Meyer*, the Court stated that the "liberty" as set forth in the due process clause "denotes, not merely freedom from bodily restraint, but also the right . . . to marry, establish a home and bring up children." 262 U.S. at 399, 43 S.Ct. at 626. Accordingly, the Court struck down a statute forbidding the teaching of the German language to children. Relying on *Meyer*, the Court later held unconstitutional a statute requiring that children must attend only public schools in *Pierce v. Society of the Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), reasoning that the law "unreasonably interferes with the liberty of parents and guardians to direct the upbringing . . . of [their] children." 268 U.S. at 513, 45 S.Ct. at 573. In *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944), the Court stated:

> It is cardinal with us that the custody, care, and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder . . . and it is in recognition of this that (*Meyer and Pierce*) have respected the private realm of family life which the state cannot enter. 321 U.S. at 166, 64 S.Ct. at 442.

In *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), the Court, in holding that a mother, in a custody battle with her husband over their minor child, was not permanently bound by a previous award of custody, stated that "(R)ights far more precious to appellant than property rights will be cut off . . . ". 345 U.S. at 533, 73 S.Ct. at 843.

More recently, the Court held in *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), that a conclusive presumption of unfitness for unwed fathers violated the Fourteenth Amendment, ruling that unwed fathers, were entitled to notice and a hearing before termination of parental rights. In defining the right at stake, the Court held that "(t)he rights to conceive, and to raise one's children have been deemed 'essential' . . . 'basic civil rights of man' . . . " 405 U.S. at 651, 92 S.Ct. at 1212.[10] Because the right in question was fundamental, the Court examined the conclusive presumption at issue under its strictest standard,[11] and found it constitutionally defective.

Analyzing these cases, two courts have held recently that the right of family integrity is a fundamental right under the Fourteenth Amendment. *Roe v. Conn.*, 417 F.Supp. 769 (M.D.Ala.1976) (3 Judge Ct.); *Alsager v. District Court of Polk County, Iowa*, 406 F.Supp. 10 (S.D.Iowa 1975), aff'd, 545 F.2d 1137 (8th Cir. 1976). The rationale of those cases is persuasive, and the Court concludes that strict scrutiny of the dependency proceeding is appropriate.[12]

It is settled law that the Fourteenth Amendment requires the provision of counsel to indigent criminal defendants threatened with incarceration. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Court has held that individuals facing commitment as sex offenders are entitled to counsel since "commitment proceedings whether denominated civil or criminal are subject to the Equal Protection Clause . . . and to the Due Process Clause." *Specht v. Patterson*, 386 U.S. 605, 608, 87 S.Ct. 1209, 1211, 18 L.Ed.2d 326 (1967). Finally and most significantly, the Court has held that children must be provided counsel in civil proceedings to determine delinquency, reasoning that the litigant "needs the assistance of counsel to

**10.** The Court also held in *Stanley* that the right to the integrity of the family emanated from the Ninth Amendment. 405 U.S. at 651. See also *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Esenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

**11.** Compare *Stanley v. Illinois, supra,* with *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

**12.** Strict scrutiny is particularly appropriate in light of the evidence of the serious impact that a dependency proceeding may have upon the development of the child and upon the parent-child relationship.

cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it." *In re Gault*, 387 U.S. 1, 36, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527 (1967).

The parent's interest in the custody and companionship of his child and the grievous nature of the loss which accompanies interference with that interest suffice to mandate the provision of counsel under a balance of interest test without further inquiry. However, when those interests are examined in light of the complexity of dependency proceedings, the right to counsel inevitably emerges as an element of procedural due process. The complex body of substantive law and evidentiary rules, and the compendium of relevant sociological, psychological, and medical data are simply beyond the understanding of most parents. The great majority of courts to consider the question have held that due process requires the provision of counsel to indigent parents.[13] For all the above reasons, the Court concludes that the due process clause of the Fourteenth Amendment to the United States Constitution requires that parents in dependency proceedings be advised of their right to assistance of counsel, and if indigent, that counsel be appointed unless they knowingly and intelligently waive their right to counsel.

## EQUAL PROTECTION AND THE RIGHT TO COUNSEL

In *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1952), the Supreme Court held that Equal Protection Clause of the Fourteenth Amendment requires the provision of free transcripts to indigent criminal defendants on appeal. The Court stated that when a state grants appellate review of convictions, it cannot do so

"in a way that discriminates against some convicted defendants on account of their poverty . . . There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." 351 U.S. at 19, 76 S.Ct. at 590.

Expanding upon that rationale, the Court held in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1956) that the equal protection clause requires the provision of counsel to indigent criminal defendants in appeals provided of right. More recently, in *Mayer v. City of Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), the Court held that an indigent criminal defendant convicted of a misdemeanor for which no jail sentence was imposed was entitled to a free transcript in order to pursue an appeal. Rejecting the city's argument that in the absence of a jail sentence, the equal protection clause was inapplicable, the Court held the right to a transcript turned upon the impact of the state's action.

*Griffin, Douglas,* and *Mayer* suggest that when the state undertakes to deprive an indigent individual of a fundamental interest or to impose upon him a significant stigma through a formal judicial proceeding, it must provide that individual with the

---

13. *Cleaver v. Wilcox*, 499 F.2d 940 (9th Cir. 1974); *Smith v. Edmiston*, 431 F.Supp. 941 (W.D.Tenn.1977); *United States ex rel. Reed v. Tinder*, No. 75–0454 CH (S.D.W.Va.1975); *Shappy v. Knight*, 251 Ark. 943, 475 S.W.2d 704 (1972); *In re Rodriguez*, 34 Cal.App.3d 510, 110 Cal.Rptr. 56 (Ct.App.1973); *Chambers v. District Court of Dubuque County*, 261 Iowa 31, 152 N.W.2d 818 (1967); *Danforth v. Maine*, 303 A.2d 794 (1973); *Reist v. Bay County Circuit Judge*, 396 Mich. 326, 241 N.W.2d 55 (1976); *State v. Caha*, 190 Neb. 347, 208 N.W.2d 259 (1973); *Crist v. Division of Youth and Family Services*, 128 N.J.Super. 402, 320 A.2d 203 (1974); *In re B.*, 30 N.Y.2d 352, 334 N.Y.S.2d 133 (App.Div.1972); *State v. Jamison*, 251 Or. 114, 444 P.2d 15 (1968); *In re R.*, 455 Pa. 29, 312 A.2d 601 (Pa.1973); *In re Myricks*, 85 Wash.2d 252, 533 P.2d 841 (1975); *State ex rel. Lemaster v. Oakley*, 203 S.E.2d 140 (W.Va. 1974). But see *Potvin v. Keller*, 313 So.2d 703 (Fla.1975).

Recognizing the constitutional requirement, several states have also enacted statutes providing for counsel. See, e. g., Ariz.Rev.Stats. Ann. 8–225A; Cal.Civ.Code Sec. 237.5; 1971 Perm.Supp., Colo.Rev.Stats. Sec. 19–1–106; Conn.Gen.Stats. Title 17, Ch. 301, Sec. 17–66b; Ga.Code Ann. 24–2418.1; Idaho Code Sec. 16–2009; Kan.Stats.Ann. Sec. 38–830; Minn.Stats. 266–155; N.D.Cent.Code Sec. 27–20–26; Ohio Rev.Code Sec. 2151.351; and Okl.Stats. Title 10, Sec. 1109(b).

same tools which a financially able individual can obtain to appeal from that action. Thus, counsel and transcripts must be provided on appeal. The extent to which the equal protection clause requires the provision of those tools turns upon the consequences of the state's action rather than the label attached to it. *Mayer v. City of Chicago, supra.*

Parents in dependency proceedings are more likely to retain custody of their children if represented by counsel.[14] Thus, different results are obtained when counsel is present.

■ While a dependency proceeding is not a criminal proceeding, it is substantially similar. The state is the initiating party, the proceeding is formal, and the potential loss is quite substantial. Since the state is threatening the deprivation of a fundamental interest, it must provide counsel to indigent parents unless it can demonstrate a compelling state interest in not providing counsel. Since the state has "no" compelling interest in not providing counsel, the equal protection clause of the Fourteenth Amendment requires the provision of counsel to indigent parents in dependency proceedings.

## THE SCOPE OF RELIEF

With the exception of *Cleaver v. Wilcox, supra,* cases requiring the appointment of counsel in dependency proceedings have mandated the provision of counsel to all indigent parents.[15] By contrast, *Cleaver v. Wilcox* required a case by case evaluation of the circumstances giving rise to the proceedings. In so ruling, the Ninth Circuit adopted the now discredited practice endorsed in *Betts v. Brady,* 316 U.S. 455, 62

S.Ct. 1252, 86 L.Ed. 1595 (1942).[16] *Betts* led to confusion and a plethora of litigation, and the case by case approach to the right to counsel finally proved unworkable. Thus, in *Gideon v. Wainwright, supra,* the Court overruled *Betts,* requiring the provision of counsel to all indigent felony defendants. Applying the same rationale, the Court imposed an absolute right to counsel in juvenile delinquency proceedings, *In re Gault, supra,* and sex offender proceedings, *Specht v. Patterson, supra.*

■ The decision in *Cleaver v. Wilcox, supra* failed to give proper consideration to the complexity of dependency hearings. Unlike probation revocation hearings[17] and prison disciplinary hearings,[18] dependency hearings are judicial proceedings. They are quite formal, conducted under judicial rules of evidence. The state is represented by an attorney, and the entire proceeding is conducted as a traditional adversary trial. Dependency proceedings bear no resemblance to informal administrative hearings; rather they are procedurally analogous to criminal trials. Accordingly, *Gideon, Argersinger, Gault,* and *Specht* counsel the application of an absolute rule.

■ Avoiding the case by case approach, *United States ex rel. Reed v. Tinder,* No. 75–0454 (S.D.W.Va.1975) and *Smith v. Edmiston, supra,* held that due process requires the provision of counsel to indigent parents in cases which involve the substantial possibility of either prolonged separation or termination of parental rights. Following the same reasoning, *Roe v. Conn.,* 417 F.Supp. 769 (M.D.Ala.1976) (3 Judge Ct.) held that due process requires the appointment of counsel in dependency and neglect proceedings to all children whose

**14.** Affidavit of A. Lester Langer. See also *Representation in Child-Neglect Cases: Are Parents Neglected?,* 4 Col.J. of Law & Social Problems 230, 241 (1968).

**15.** See n. 13, *supra.* See also *Roe v. Conn., supra,* at 780.

**16.** The California legislature enacted law mandating appointment of counsel that same year.

Cal.Civ.Code Sec. 237.5 Florida has no analogous legislation.

**17.** *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1972).

**18.** *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

parents are indigent. 417 F.Supp. at 780.[19] Inasmuch as Fla.Stat. Sec. 39.11(1)(c) provides that a temporary commitment of a child to the custody of the state can last until the child reaches the age of 18, it follows that inherent in every dependency proceeding is the substantial possibility of prolonged separation. Accordingly, counsel must be provided to all indigent parents in dependency proceedings.[20]

Implicit in the right to counsel is the right to notice that counsel will be provided without expense to those parents who are indigent. While that right may be waived, no waiver will be effective prior to notice, since "the defendant who does not ask for counsel is the very defendant who most needs counsel." *Miranda v. Arizona,* 384 U.S. 436, 471, 86 S.Ct. 1602, 1626, 16 L.Ed.2d 694 (1964). Recognizing the presumption against a waiver of a constitutional right, a trial judge in a dependency proceeding must determine whether a purported waiver of the right to counsel is "knowing and intelligent." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *see Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

It is settled law that the right to counsel extends to all "critical stages" of a criminal prosecution. Thus, counsel must be provided at an arraignment,[21] a pretrial lineup,[22] a preliminary hearing,[23] and a custodial interrogation.[24] While criminal proceedings are not precisely analogous to dependency proceedings, the "critical stages" analysis appropriately governs the timing of the right to counsel in dependency proceedings.[25]

Under Fla.Stat. Sec. 39.05, a dependency proceeding commences with the filing of a petition. Fla.Stat. Sec. 39.06 provides for the issuance and service of a summons and the petition upon the parent, and allows the ex parte seizure of the child in certain circumstances. In order that counsel may prepare adequately for the adjudicatory hearing which follows within 30 days, counsel must be available immediately following service of the petition or seizure of the child. If a preliminary seizure hearing is held prior to the adjudicatory hearing, counsel must be available at that hearing.

Final judgment shall enter in accordance herewith.[26]

---

**19.** The question of whether the Court should provide for appointment of independent counsel to represent the child in dependency proceedings is not before this Court.

**20.** In providing counsel to indigent parents, the courts are free to appoint the Public Defender or private counsel. Should the courts elect the latter alternative, they may appoint attorneys associated with a program funded under the Legal Services Corporation Act, 42 U.S.C. Sec. 2996, only if the appointment is "pursuant to a statute or a court rule or practice of equal applicability to all attorneys in the jurisdiction." 45 C.F.R. Sec. 1609.4(c), 41 Fed.Reg. 38505 (Sept. 10, 1976).

**21.** *Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

**22.** *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

**23.** *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

**24.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**25.** It must be noted that parental misconduct giving use to a dependency proceeding may also be subject to criminal sanctions. Child neglect is a criminal offense in Florida. Fla. Stat. Sec. 827.07.

**26.** Plaintiff is entitled to a reasonable attorney's fee pursuant to the Civil Rights Attorney's Fees Awards Act, P.L. No. 94–559, 42 U.S.C. Sec. 1988 *as amended. Rainey v. Jackson State College,* 551 F.2d 672 (5th Cir. 1977).