In the Matter of: F. K. C., T. M., R. J. C., Children Under Eighteen Years of Age.

C. C., Appellant,

v.

The STATE of Oklahoma and Department of Institutions, Social and Rehabilitative Services, Appellee.

No. 52075.

Supreme Court of Oklahoma.

April 1, 1980.

William N. Peterson, Ada, for appellant.

Thomas H. Tucker, Dept. of Institutions, Social and Rehabilitative Services, Oklahoma City, for appellee.

HODGES, Justice.

This case concerns a lengthy involvement by the Department of Institutions, Social and Rehabilitative Services [DISRS] in an unsuccessful attempt to aid the mother, C. C., in creating a responsible home environment for her three children. The determinative issues on appeal are whether: 1) the mother was denied due process of law when the trial judge, in a hearing in which her children were declared dependent and neglected, failed to advise her of her right to the assistance of counsel, and 2) whether the judgment of the court terminating her parental rights was supported by the evidence.

The mother was served with summons and notice on March 7, 1974,[1] that a proceeding would be held to determine whether her children were within the purview of the Dependent and Delinquent Children Act. The document also stated that she and the children were entitled to counsel of their choice, and if they were unable to hire an attorney, one would be appointed by the court. The children were represented by counsel at this hearing. The mother was not, although she did have counsel four years later when her parental rights were terminated.[2] It is conceded by DISRS that the mother was indigent, and that she was not advised by the court of her right to assistance of counsel. DISRS argues, however, that the notice was legally, if not actually, adequate.

A final disposition of this case was pressed by DISRS after the children had been in foster homes under the supervision of DISRS for over four years. It was the position of DISRS that the children should either be returned to the mother or that they should be adopted. DISRS maintained that for the children to continue in a temporary and unsettled condition was not in

their best interest, and that prolonged foster care would impair permanent placement in an adoptive home.

This case involves a continuing saga of an indigent mother who has been unable to accept the responsibility for the care of her children. Although the mother has attempted to secure adequate employment, and managed to obtain her GED, the equivalent of a high school diploma, with the help and encouragement of DISRS, after four years nothing had essentially changed. The mother admitted that she had left the children unattended in her car in a tavern parking lot while she got drunk four nights a week; that she was unable to obtain medical care for the children because she owed doctor bills; that it was in the best interest of the children to leave them in the foster home because she could not care for them; that she lived in a hotel room; and that basically nothing had changed during the four years her children had been in a foster home which would permit her to provide a home for the children.

It is admitted by the mother's counsel that there are no facts or record to indicate why the children were declared dependent and neglected on March 12, 1974, and that the time period for any appeal from this determination has expired. It is contended, however, that because the order of March 12, 1974, is a basis for the termination proceedings of February 12, 1978, the failure to afford the mother due process at the initial hearing constitutes reversible error.

I

Although many states have no statutory authority requiring appointment of counsel at the time of the hearing for indigents in dependency proceedings. Oklahoma has two statutes, 10 O.S.1971 § 24(a) and 10 O.S.

---

1. The summons and notice stated:
   (1) Attached hereto is a copy of the petition setting forth the facts bringing the aforesaid children within the purview of the Dependent & Delinquent Children Act.
   (2) You are further advised that you and the children in question are entitled to be represented at said hearing by an attorney of your

   choice. If you are unable to hire an attorney, one will be appointed by the Court and paid out of the Court Fund.

2. The putative natural father waived notice of any further legal proceedings and voluntarily relinquished his parental rights.

1971 § 1109(b) which mandate the appointment.[3]

This Court in *In Matter of Chad S.*, 580 P.2d 983, 985, 986 (Okl.1978)[4] recognized that the fundamental nature of parental rights requires that "the full panoply of procedural safeguards," including the assistance of counsel, be applied to child deprivation hearings. *Chad S.* involved the failure of the court to advise the indigent parent of the right to assistance by counsel at an adjudicatory hearing terminating parental rights rather than the failure to advise of right to counsel at a dependency hearing. However, the court relied heavily on *Davis v. Page*, 442 F.Supp. 258, 263 (S.D.Fla.1977) which involved a dependency hearing. We find that *Chad S.* holds that the due process clause of the Fourteenth Amendment and the statutes of the State of Oklahoma require that parents in dependency and neglect proceedings be advised of their right to assistance of counsel, and that if they cannot afford counsel that counsel will be appointed for them unless the right is knowingly and intelligently waived.[5]

This case is distinguishable from *Chad S.* because in *Chad S.* the failure to appoint counsel was timely appealed. In this instance, over four years elapsed between the hearing determining that the children were dependent and neglected and the lodging of this appeal. Also, the children were represented by counsel at the initial hearing and the summons clearly stated that counsel would be provided for the mother. There is no evidence that the mother was unable to read and comprehend the plain language of the summons.[6] Certainly, it would have been preferable for the judge to have advised the mother at the dependency hearing that she had the right to assistance of counsel. However, under the facts presented in this case, we do not find that the mother's constitutional rights were violated.

## II

The mother contends that her parental rights were terminated because she was uncooperative with the social workers, poor, did not like to accept state assistance, lacked responsibility, and lived in a home which was dark, dirty and dismal, and that insufficient evidence was presented to mandate termination of her parental rights. None of these reasons are bases of termina-

---

**3.** It is provided by 10 O.S.1971 § 24(a):

"When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian provided that in all counties having Public Defenders, said Public Defenders shall assume the duties of representation in proceedings such as above:"

It is provided by 10 O.S.1971 § 1109(b):

"If the child or his parents, guardian, or other legal custodian requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a delinquent child, or a child in need of supervision, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such re-

quest, if it deems representation by counsel necessary to protect the interest of the child or of other parties."

**4.** *In Matter Chad S.*, 580 P.2d 983, 985, 986 (Okl.1978) the Court said:

"The United States Court further held that implicit in the right to counsel is the right to notice that counsel will be provided without expense to the indigent parents. Counsel must be appointed unless knowingly and intelligently waived . . . a holding that indigent parents have a right to court appointed counsel carries with it the obligation to advise parents of their right. Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on request."

Also see *Chad S.* for extensive citations from other jurisdictions supporting this view.

**5.** *Davis v. Page*, 442 F.Supp. 258, 263 (S.D.Fla. 1977); *Smith v. Edmiston*, 431 F.Supp. 941, 945 (W.D.Tenn.1977).

**6.** See note 1, supra.

tion of parental rights,[7] except for the lack of responsibility. Children are a serious responsibility and they must be cared for. If a mother is not willing or able to assume responsibility for her children after many years of turmoil, her right to an opportunity to try is superseded by the right of the children to a safe and secure home.

We find that the judgment of the court is supported by more than sufficient evidence to warrant a termination of the mother's parental rights.

AFFIRMED.

LAVENDER, C. J., and WILLIAMS, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

7. *In Matter of Sherol A. S.*, 581 P.2d 884 (Okl. 1978).