John A. ZARDIN *v.* Martin TERRY

81-246                                    631 S.W. 2d 452

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Gordon L. Cummings,* for appellant.

*Robert E. Estes,* of *Estes, Estes & Estes,* for appellee.

GEORGE ROSE SMITH, Justice. This action by Martin Terry for personal injuries and property damage stems from a traffic collision in Fayetteville on April 4, 1978. Terry filed this suit on June 5, 1978. Zardin, the defendant, was served with summons on June 15, but he let the case go by default without filing any pleading. When a default judgment was entered in Terry's favor on October 5, Zardin had become an inmate of the state penitentiary pursuant to a marihuana conviction that was entered 21 days after the traffic collision, but which directed that Zardin not be committed to the penitentiary until September 18, 1978.

After writs of execution and garnishment had been issued some years later, Zardin filed a motion on June 4, 1981, to set aside the default judgment because it was entered while Zardin was in the penitentiary. After a hearing the trial judge held, on proof that Zardin had admitted to a police officer on the morning after the collision that he had run a stop sign and had assumed full responsibility for the accident, that no meritorious defense had been shown and that the judgment should stand.

For reversal Zardin argues that the default judgment was absolutely void, not merely voidable, and therefore his failure to show a meritorious defense is immaterial. Since the judgment was entered before our Rules of Civil Procedure took effect on July 1, 1979, the case is governed by the earlier statutes, but we do not imply that our decision would be different if ARCP 4 (d) (4) and 17 (c) were controlling.

The issue is whether the 1978 judgment against Zardin entered while he was in prison, was void or merely voidable. On this point we might, except for some imprecise language in a 1939 decision, dispose of the present case by citing a precedent so nearly identical to this case as to be indistinguishable. *McDonald* v. *Fort Smith & Western R.R.*, 105 Ark. 5, 150 S.W. 135 (1912). The only factual difference is that in *McDonald* the defendant Ella Hare was insane when the judgment was entered against her without any defense in her behalf; here Zardin was in prison when the judgment was entered against him without any defense being made. But the controlling statute, the Civil Code of 1869, was essentially the same as to both defendants. In successive sections the Civil Code provided in § 74 that service of process upon an insane person should be upon his guardian, his wife, or the keeper of the asylum where he was confined, and in § 75 that service upon a prisoner in the penitentiary should be upon the prisoner, the keeper of the penitentiary, and the prisoner's wife. Ark. Stat. Ann. §§ 27-337 and -338 (Repl. 1962). In related provisions of the Civil Code it was declared in § 53 that no judgment "can be rendered" against an insane person until after a defense in his behalf, and in § 56 that no judgment "can be rendered" against a prisoner in

the penitentiary until after a defense in his behalf. §§ 27-830 and 833.

In *McDonald* judgment was rendered against the insane woman with no defense in her behalf. The court stated the same issue as that now before us: "The question, therefore, to be determined is whether said judgment is void or only voidable." Our answer was clear-cut:

> A judgment, however, which is rendered without the appointment of or defense by a guardian for such insane person is not void. It would be erroneous to render a judgment against an insane person without the appointment of, or a defense made by, his guardian, and a judgment so rendered would be liable to reversal upon appeal or to vacation upon a proper action being instituted to that end. *But such judgment would be voidable only.* (Italics supplied.)

The out-of-step case, on which Zardin now relies, is *Puckett* v. *Needham,* 198 Ark. 123, 127 S.W. 2d 800 (1939). In *Puckett* the facts, as fully shown in the record on file in our clerk's office, were that Clark Needham filed a complaint for divorce against his wife Goldina, with whom he had not lived for some years. Goldina owned a house and lot she had received from her mother, but Clark falsely alleged in his complaint for divorce that the property belonged to him. A summons was served on Goldina, then in the county jail. Several persons intervened to assert laborers' and materialmen's liens against Goldina's property, but they obtained *no* service of process on Goldina. Goldina, like Zardin in the case at bar, made no defense, and a default decree was entered against her after she had been transferred to a federal penitentiary. She, however, promptly filed a motion to set aside both the foreclosure of the liens and the ensuing judicial sale to Puckett. The chancellor set the decree aside during the same term of court, as he then had the discretion to do, and later held a hearing. Goldina proved by undisputed proof that her husband's allegations of ownership and the intervenors' assertions of liens were wholly fraudulent. The chancellor sustained her obviously meritorious defense and awarded her the property, which had

belonged to her all along. The effect of his decree, as we pointed out, was to leave intact the divorce (which was based upon a valid service of summons) but to set aside the liens (with respect to which Goldina had received no notice).

The chancellor in *Puckett* treated the original decree only as voidable, not as void, for he set it aside upon a showing of a meritorious defense. But in affirming his action we referred loosely to the decree as void, on the theory that the court had no jurisdiction over a penitentiary prisoner for whom no defense had been made. The decree was in fact void, for want of any service of process to support the new causes of action asserted by the lienors, but we referred to it as void for a completely erroneous reason. The *McDonald* case, *supra*, which would have dictated the correct holding — that the decree was merely voidable — was not cited by counsel and of course was not cited in the opinion, nor was any other Arkansas case referred to. *Puckett* was later followed by *Shappy* v. *Knight*, 251 Ark. 943, 475 S.W. 2d 704 (1972), but there the order of adoption was certainly voidable for want of service; so we need not discuss that holding.

In the case at bar Zardin was a free man when he was served with summons and when he permitted the time to expire for filing his answer to the complaint. Thus the court had jurisdiction both of the subject matter and of the person when it entered its default judgment after Zardin had become a prisoner. That judgment, if not completely valid, was at the very worst merely voidable for the reasons given in the *McDonald* case. Zardin has failed in his effort to avoid the judgment, for his proof did not establish a meritorious defense. The trial court's judgment was therefore correct.

Affirmed.

HOLT and PURTLE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. A. R. Civ. P., Rule 17 (c), reads as follows:

No judgment shall be rendered against a prisoner in the

penitentiary until after a defense is made for him by his attorney, or, if there is none, by a person appointed by the court to defend for him.

I still believe we should take the rules promulgated by this court and the enactments of our General Assembly to mean exactly what they say so long as there are no ambiguities in the language used therein. A rule or statute could not be more plainly worded than the one set out above. Sometimes it seems to me this court strains at a gnat and swallows a camel. The majority has done both in the present case. In any event, they beat around the bush and come up with the wrong reasoning and results.

Why should we be trying to explain away the rule in our former opinions when they were perfectly clear up until this time? In *Puckett* v. *Needham,* 198 Ark. 123, 127 S.W. 2d 800 (1939), we flatly stated:

Under the statutes, the fact of confinement in the penitentiary *deprives the court of jurisdiction* until answer is filed by the defendant's attorney, or until the attorney appointed by the court has made proper defense. (Italics mine.)

In *Shappy* v. *Knight,* 251 Ark. 943, 475 S.W. 2d 704 (1972), we followed the rule stated in *Puckett* v. *Needham,* supra, and which has been incorporated into our code. In *Shappy* we stated:

We think the wisdom of the legislature in enacting this statute in 1869 is amply demonstrated by the facts in this case. No doubt the legislature was aware that inmates in the penitentiary are so disadvantaged in their liberties and ability to communicate their interest directly to courts that it deemed this statute desirable to prevent misunderstandings, such as this, and to provide for the inmate's day in court.

The majority simply muddies the waters of the cases and law which have heretofore been clear and unequivocal as to judgments rendered against inmates of the peni-

tentiary. I would affirm the trial court in compliance with the plain language stated in the rule and for reasons of precedent.

HOLT, J., joins in this dissent.