The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, Arkansas 72124-7078
Dear Representative Wood:
This opinion is being issued in response to your recent question regarding the application of Rule 17(c) of the Arkansas Rules of Civil Procedure in a juvenile proceeding. Rule 17 (c) provides:
 No judgment shall be rendered against a prisoner in the penitentiary until after a defense made for him by his attorney, or, if there is none, by a person appointed by the court to defend for him.
Rule 17(c), Arkansas Rules of Civil Procedure.
You describe a scenario in which an inmate is confined in the penitentiary as a result of a parole violation and is ordered to appear before the juvenile court. You state that an attorney is not available to the inmate in this proceeding before the juvenile court. With regard to this scenario, you have presented the following question:
 Does Rule 17(c) apply so as to prohibit the judgment in the juvenile court proceeding from being entered against the inmate?
It is my opinion that the answer to your question will depend upon the type of juvenile court proceeding in which the inmate in question was ordered to appear.
You have not indicated the nature of the proceeding. It should be noted that in proceedings to terminate parental rights or to remove the custody of a juvenile from a parent or guardian, the parent or guardian is expressly given the right to be represented by counsel at all stages of the proceeding. A.C.A. § 9-27-316(f)(1). If the inmate in question is a parent or guardian, and the juvenile proceeding about which you have inquired was one of these types of proceedings, counsel should have been appointed for the inmate. See also Shappy v. Knight, 251 Ark. 943,475 S.W.2d 704 (1972). In addition, in delinquency proceedings, families in need of services proceedings, proceedings in which the judge determines that the proceeding will likely result in the juvenile's commitment to an institution, and in all custody proceedings, the juvenile is entitled to be represented by counsel. A.C.A. § 9-27-316. If the inmate in question is a juvenile and the juvenile court proceeding in which he was ordered to appear was one of these types of proceedings, cousel should have been appointed for him.
I realize that the circumstances described in the foregoing paragraph may not be applicable to the situation about which you have inquired; the proceeding may have been one in which the inmate is not given the express right to be represented by counsel. It is in such an instance that Rule 17(c) may be implicated.
A.C.A. § 9-27-325 provides that the Arkansas Rules of Civil Procedure are to apply to all proceedings before the juvenile court other than delinquency proceedings (which are governed by the Rules of Criminal Procedure).
I therefore conclude that if the juvenile court proceeding in which the inmate in question was ordered to appear was anything other than a delinquency proceeding, Rule 17(c) is applicable, and must operate to prohibit the entry of any juvenile court judgment against which the defendant was not able to defend through counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh