James E. MORISSE and Walter Medla, Partners, Plaintiffs,

v.

DEFENSIVE INSTRUMENTS, INC., a foreign corporation, Defendant.

No. 72-C-67.

United States District Court,
E. D. Wisconsin.

May 15, 1972.

---

Schmidt, Fleming & Hamell, by John A. Hamell, Jr., Milwaukee, Wis., for plaintiffs.

Quarles, Herriott, Teschner, Clemons & Noelke, by Ross R. Kinney, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaint in the present action alleges that the defendant has violated a contract under which the plaintiffs were made the exclusive Milwaukee-area distributors of the defendant's burglar and fire alarm systems; jurisdiction is based upon diversity of citizenship. The defendant has moved, pursuant to Rules 55(c) and 60(b), Federal Rules of Civil Procedure, to set aside a default judgment for $75,000 entered in favor of the plaintiffs by this court on March 17, 1972.

The plaintiffs commenced their action on February 1, 1972, and the marshal's return of service indicates that a copy of the summons and complaint was served on the defendant's vice president in Pittsburgh, Pennsylvania, on February 7, 1972. On March 1, 1972, the plaintiffs filed an "application for entry of default and judgment" and, in an accompanying affidavit, counsel for the plaintiffs declared that

" . . . the time for the defendant to appear, answer, or raise an objection to the Complaint . . . has expired, that said defendant has not appeared, answered, or raised any objection. . . ."

On March 7, 1972, this court wrote a letter stating that a hearing on the plaintiffs' application was scheduled for March 17, 1972; the court expressly noted that a copy of the letter was being sent to the defendant's vice president, the person served by the marshal. The copy so sent was not returned to this court. However, no appearance was made by or on behalf of the defendant on March 17th, and, at the conclusion of an evidentiary hearing, a default judgment for $75,000 was entered in favor of the plaintiffs.

Rule 55(c) provides that the court may set aside a judgment by default "in accordance with Rule 60(b)." Rule 60(b) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . . (4) the judgment is void . . . (6) any other reason justifying relief from the operation of the judgment."

The determination to set aside a default judgment is discretionary with the court. Hiern v. St. Paul-Mercury Indem. Co., 262 F.2d 526, 530 (5th Cir.

1959); Rutland Transit Co. v. Chicago Tunnel Terminal Co., 233 F.2d 655, 657 (7th Cir. 1956). "The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692, 694 (1966). See also McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000, 1001 (5th Cir. 1970); Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir. 1967).

The present action was filed after several months of intermittent contact between counsel for the plaintiffs and counsel for the defendant had failed to result in settlement. On February 21, 1972, approximately two weeks after the defendant was served with the summons and complaint, the attorney for the defendant wrote a letter to the plaintiffs' counsel in which he requested a 30-day extension of time to answer the complaint; although the attorney for the plaintiffs did not respond to the letter, no request for an extension was subsequently made of the court by the defendant's counsel. On March 1, 1972, the plaintiffs moved for a default judgment.

█ Notwithstanding the defendant's default in this case, I believe that the affidavits which have been filed in support of the motion to vacate the default judgment demonstrate that the defendant's failure to respond to the summons and complaint was inadvertent.

The motion to set aside the judgment was filed on March 21, 1972, four days after the entry of the judgment; it is thus apparent that the defendant acted with "reasonable promptness," and I am not persuaded that substantial prejudice to the plaintiffs will result if the judgment is vacated. See Mannke v. Benja-min Moore & Co., 375 F.2d 281, 285 (3d Cir. 1967); Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D.Wis.1970).

The defendant has filed with the court a document which counsel for the defendant avers is similar to the answer that will be filed if the judgment is set aside; from an examination of the "answer", it appears that the defendant may have a meritorious defense to the plaintiffs' charges. Cf. Robinson v. Bantam Books, Inc., 49 F.R.D. 139, 140 (S.D.N.Y.1970); Nelson v. Coleman Co., 41 F.R.D. 7, 9 (D.S.C.1966).

The determination that the default judgment will be set aside renders unnecessary any discussion as to whether the activities of counsel for the defendant prior to the entry of the default judgment constituted an "appearance" on his part, or whether the plaintiffs were required to give the defendant notice of the application for judgment, pursuant to Rule 55(b)(2). On the other hand, Rule 60(b) provides for relief "upon such terms as are just"; I believe that the plaintiffs are entitled to substantial terms in connection with the default motion, the oral hearing thereon, and this application to set aside the default. The defendant was properly served in this case and was also advised by the court of the scheduled hearing on the plaintiffs' application for a default judgment. The grant of the defendant's motion will be conditioned upon the payment by the defendant to the plaintiffs or their counsel of the sum of $400.00 within ten days of the filing of this decision and order.

Therefore, it is ordered that the defendant's motion to set aside the default judgment be and hereby is granted provided that the defendant files with the clerk of this court a receipt, affidavit or other satisfactory proof of the payment to the plaintiffs or their counsel of the sum of $400.00 by May 25, 1972.