WILLIAM M. SPARKS ET AL *v.* THOMAS J.
SHEPHERD ET UX

73-194                                    504 S.W. 2d 716

Opinion delivered February 4, 1974

*Evans, Farrar, Callahan & Cook,* for appellants.

*McMillan & McMillan,* for appellees.

LYLE BROWN, Justice. Essentially this is a land title dispute between two neighbors. The Shepherds instituted a suit for damages against the Sparkses alleging trespass. Later the case developed into a contest over title and the Shepherds prevailed. Appellants advance five points for reversal.

Between the two tracts of land occupied by the parties is an old fence running north and south. To the east

of the fence and on what we shall call the Shepherds side is a private road running parallel with the fence and on out to a county road to the north. The Sparkses proceeded to locate a mobile home on their side of the fence and facing the private road. In order to obtain ingress and egress to the mobile home the Sparkses proceeded to cut the fence and clear underbrush on the Shepherds side of the fence, the object being to connect a passageway with the private road. Those actions by the Sparkses resulted in the filing by the Shepherds of cause numbered 7170 in the Clark Chancery Court. They sought to enjoin the Sparkses from trespass and prayed for damages. A separate answer on behalf of William M. Sparks, incompetent, contained a counter-claim, alleged that the two acres claimed by the Shepherds contained two void deeds in the chain of title and that in fact the record title was vested in the Sparkses.

The title of both parties was deraigned from a common source. In 1953 O. H. Haltom executed a deed to one Stanford for two acres out of his forty acre tract by metes and bounds description. The description was defective in that it did not close. In 1956 Haltom deeded four acres to the Sparkses out of the same forty. That deed described six acres by metes and bounds but excepted therefrom the two acres previously deeded to Stanford and "recorded in Book 220, page 460 of the deed records of Clark County." Then in 1962 Stanford deeded to Shepherd and wife the two acres previously mentioned and under the same void description as was in the Haltom to Stanford deed. On the basis of the defective description in the Shepherd title, the Sparkses claimed the Shepherds took nothing by their conveyance and asked for ejectment in their counterclaim. That was on the theory that the record title was in the Sparkses. The counterclaim also sought damages.

The Shepherds' reply conceded that two calls had been omitted from the deeds as heretofore described. They then purported to make the Haltom and Stanford heirs parties to the suit. The Shepherds additionally asked for reformation.

The Sparkses demurred to the reply and filed motion for summary judgment on the issue of liability. At

a hearing on January 10, 1972, the chancellor informally stated his intention to dismiss the complaint as to the Sparkses on the theory that possession by the Shepherds had not been pleaded. Thereupon the Shepherds requested and were granted a nonsuit. That left the counterclaim as the only issue before the court.

Shortly after the dismissal without prejudice the Shepherds filed a new cause of action against the same parties, cause number 7240. An answer containing counterclaim and alternate affirmative defenses was timely filed. After the statutory period for filing a reply to the counterclaim and affirmative defenses had expired the Sparkses filed a motion for default judgment. The chancellor held that the pleading filed by the Sparkses was more in the nature of an answer than of a counterclaim and did not require a response by the Shepherds, and the motion for summary judgment was denied. Motions in both cases for summary judgment filed by and for the Sparkses were denied and the causes consolidated for trial.

The chancellor ordered the void deeds reformed. As to costs in the case the parties were ordered to pay their respective witnesses, the costs of a survey made by the county surveyor were divided and the balance of the costs was adjudged against the Sparkses.

Other pertinent facts will be related as the points for reversal are enumerated and discussed.

Point I. *The court erred in granting the Shepherds' motion for nonsuit and in dismissing the Shepherds' complaint in 7170 without prejudice when the Sparkses had a counterclaim pending.* Only two Arkansas cases on the subject come to our attention. In *Pickett* v. *Ferguson,* 45 Ark. 177 (1885), this court sustained the trial court in refusing to dismiss a complaint without prejudice after a cross-bill had been filed. The other case is *Rowell* v. *Rowell,* 184 Ark. 643, 43 S.W. 2d 243 (1931). Again, the trial court refused to dismiss a complaint where a cross-complaint had been filed. This court said: "It was within the sound discretion of the chancellor at this stage of the proceedings to grant or refuse the motion, and his action

will not be reviewed, unless that discretion was abused". We find no abuse of discretion in the case at bar.

Point II. *The court erred in denying the Sparkses' motion for a default judgment in 7240.* The Shepherds failed to file within the statutory period a reply to the Sparkses' counterclaim in 7240. The Shepherds responded out of time and their attorney stated that he was not aware that the counter-claim had been filed or that he had received a copy. The trial court denied the Sparkses' motion for default judgment. We sustain the action of the trial court.

Ark. Stat. Ann. § 29-401 (Repl. 1962) providing for entry of default judgment against one from whom affirmative relief is sought and who has failed to file a responsive pleading, specifically recognizes that a default judgment entered should be set aside for unavoidable casualty, excusable neglect or other just cause. It is only logical that if a court can set aside a default judgment for those reasons, it will not abuse its discretion if it refuses to enter a judgment for any of the same reasons. *Easley* v. *Inglis,* 233 Ark. 589, 346 S.W. 2d 206 (1961); *Fitzwater* v. *Harris,* 231 Ark. 173, 328 S.W. 2d 501 (19959).

Although we are not persuaded that there was a clear showing of unavoidable casualty we do find justification for a finding of excusable neglect or "other just cause" in the circumstances prevailing because the very issues raised by appellants were already an issue in the first case (7170) by virtue of the pleadings then extant, i.e., the counterclaim and reply thereto. This result seems to be indicated by our decisions in the cases above cited and in *Barkis* v. *Bell,* 238 Ark. 683, 384 S.W. 2d 269 (1964). In all of these cases the attorneys for the party in default had some reason to feel secure in the belief that pleading was either unnecessary or that pleading requirements had been met. The major consideration seems to have been that in each case there was every indication that the issues would be contested. That is also the case here, so we find no abuse of discretion in the court's denial of a default judgment.

Point III. *The court erred in denying the Sparkses' motions for summary judgment in both cases.* Under this

point the argument is advanced that by reason of the indefinite description in the Shepherds' chain of title, nothing was conveyed and therefore the Shepherds are not entitled to reformation. The Sparkses overlook the fact that adverse possession was pleaded in 7240; and in 7170 the Shepherds controverted the counterclaim filed by the Sparkses.

Point IV. *The court erred in reforming the two void deeds in the Shepherds' chain of title to the two acre tract.* The point is based on the fact that all of the heirs in the Shepherds' chain of title were not before the court. *McClelland* v. *McClelland,* 219 Ark. 255, 241 S.W. 2d 264 (1951). The point is rendered moot by our holding, later to be discussed, that the Shepherds are entitled to recover under adverse possession.

Point V. *The court erred in the division of the costs.* It was held that the costs of the survey by the county surveyor would be divided equally between the parties; that each party would pay its own witnesses; and that the other costs would be imposed on the Sparkses. This was an equitable division. The court said there was an agreement made early in the proceedings that the survey would be made and the cost divided equally.

We now come to the plea of adverse possession made by the Shepherds. The plea is specifically made in cause number 7240; proof was introduced thereon and it is argued here. Thomas Shepherd testified he obtained his deed in 1962; that in 1963 he cleared the land and has been farming it since then, all but a small parcel which is wet, but which he kept "bushhogged"; that he was in possession of the disputed acreage up to the fences on the south, west, and east sides, and to the county road on the north side; that he built a new road all the way across the two acres on the east side near the quarter section line; and that he regularly paid taxes on the property. He said Mr. and Mrs. Sparks observed him clearing the land in 1963. Mrs. Sparks said they began claiming the two acres when attorney Cook checked the deeds. That had to be about the time this litigation was instigated. She also conceded that Mr. Haltom "told us he had sold some of it to a Mr. Stanford". In addition, the proof show-

ed the Stanford family exercised control over the land from 1953 until 1962, using it as a means of access from their home on the south to the county road on the north. Mr. Sparks was declared incompetent on May 28, 1963.

It is argued that adverse possession cannot run against one who is non compos mentis. This general rule is stated in 2 C.J.S. Adverse Possession § 195: "In the absence of statutory provision to the contrary, the accrual of disabilities to the true owner of the land after the commencement of adverse possession will not fatally interrupt the continuity of adverse possession so begun." Our statute on adverse possession of land makes no provision to the contrary; in fact, the reasonable interpretation of the statute coincides with the C.J.S. statement; Ark. Stat. Ann. § 37-101 (Repl. 1962). Also see *Denton* v. *Brownlee*, 24 Ark. 556 (1867); *Bozeman* v. *Browning*, 31 Ark. 364 (1876); *Freer* v. *Less*, 159 Ark. 509, 252 S.W. 354 (1923).

Affirmed.

HARRIS, C.J., not participating.