ARNOLD FIREWORKS DISPLAY, INC., and Arnold Fireworks, Inc. *v.* Alice SCHMIDT, Mother, Next Friend, and Natural Guardian of William P. Schmidt, a Minor

91-163                                   820 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for appellant.

*David Hodges*, for appellee.

ROBERT H. DUDLEY, Justice. William P. Schmidt, the eleven-year-old son of Alice Schmidt, lost the sight of his right eye as the result of a fireworks explosion. Alice Schmidt, in her capacity as William's natural guardian, filed suit against Arnold Fireworks Display, Inc., Arnold Fireworks, Inc., and Ray Sexton, Jr., alleging they sold the errant bottle rocket to the eleven-year-old boy in June 1990, and they incurred liability since Ark. Code Ann. § 20-22-712 (1987) makes it unlawful to sell fireworks to a child under twelve (12) years of age.

The complaint was filed on October 10, 1990. Service on separate defendant Sexton was had on October 17, 1990. He filed a timely answer on November 5, 1990, in which he stated:

3. The defendant did not sell fireworks to William P. Schmidt in 1989 or 1990.

4. The defendant, Ray Sexton, Jr., did not sell fireworks to anyone in 1989 or 1990.

5. The defendant did not sell nor purchase fireworks in any form or fashion even for use by himself or family members in 1989 nor 1990, therefore selling to William P. Schmidt

would have been impossible.

Service on the separate defendant corporations was had on October 20, 1990. Two (2) days later, on October 22, 1990, copies of the complaints were forwarded to the defendant corporations' insurance agent in Birmingham, Alabama. The agent received the copies of the complaints on October 24, 1990, but timely answers were not filed for the defendant corporations. Their answers were not filed until November 16, 1990.

The plaintiff moved to strike the corporations' answers. They responded that separate defendant Sexton's answer was a common answer for all defendants. The plaintiff replied that defendant Sexton's answer was not a common answer and moved for default judgments against the corporate defendants. The corporate defendants amended their answers. The plaintiff moved to strike the amended answers and for default judgments against the corporate defendants.

The trial court struck the corporate defendants' answers and amended answers and granted default judgments against them as to liability. The corporate defendants moved to set aside the default judgments and argued that ARCP Rule 55(c), as amended February 1, 1991, alleviates the harshness of our old rule and now makes mistake or inadvertence grounds to set aside a default. However, they did not offer any meaningful evidence of mistake or inadvertance. The trial court did not rule on the motion to set aside the default judgments within thirty (30) days, and the corporate defendants gave notice of appeal. We affirm the rulings of the trial court.

■ We are first faced with the question of whether the corporate defendants can appeal. The judgment against them is not a final judgment for two reasons: First, it determined only liability. The trial court reserved for trial the amount of damages. Second, there are three defendants, and the trial court granted the default judgments against only two (2) of them. Ark. R. App. P. 2(a)(1) provides that an appeal may be taken only from a final judgment and, in addition, we have often held that where one or more, but fewer than all, of the defendants were dismissed, it was not a final and appealable order. *See, e.g., St. Paul Fire & Marine Ins. Co.* v. *First Commercial Bank*, 304 Ark. 29, 801 S.W.2d 652 (1991); ARCP Rule 54(b). Conversely, Ark. R. App. P. 2(a)(4)

expressly provides for an appeal in this situation: "An appeal may be taken from . . . an order which strikes out an answer, or any part of an answer, or any pleading in an action." We hold that the specific provision for appeal when an answer is stricken must control over the general provisions contained in Ark. R. App. P. 2(a)(1) and ARCP Rule 54(b).

The general purpose of Ark. R. App. P. 2(a)(1) is to prevent piecemeal appeals while portions of the litigation remain unresolved. Quite differently, Ark. R. App. P. 2(a)(4) which allows a piecemeal approach can be traced back to Section 15 of the Civil Code of 1871, which provided:

> The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determination of all inferior courts of the State in the following cases and no other:

> First: . . .

> Second: . . . or when such order strikes out an answer, or any part of an answer, or any pleading in an action; . . .

This provision is not unique to Arkansas. For example, South Carolina has an almost identical statute, S.C. Code Ann. § 14-3-330(2)(C) (Law. Co-op. 1977), which provides that an appeal may be taken when an order "strikes out an answer or any part thereof or any pleading in any action." A South Carolina case suggests that at the turn of the Century the reason given for such a statutory provision was that an appeal based on an asserted error of law, but not of fact, should be heard in a piecemeal fashion. *Harbert* v. *Atlanta & Charlotte Air Line Ry. Co.*, 53 S.E. 1001 (1906). Accordingly, we hold that Ark. R. App. P. 2(a)(4) authorizes an appeal when an answer has been stricken, even if it is not a final judgment.

The plaintiff argues that the case of *Sevenprop Assoc.* v. *Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988) mandates dismissal of this appeal. We reject the argument, because no answer was stricken in that case.

On the merits of their appeal, the corporate defendants first argue that separate defendant Sexton's timely answer inures to their benefit. They rely primarily on a case from the court of

appeals, *Firestone Tire & Rubber Co.* v. *Little*, 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980). Their reliance on that case is misplaced. There, one defendant timely filed a general denial. By contrast, in this case separate defendant Sexton did not deny that the accident occurred or that the injury occurred or that negligence had occurred. He only denied that he took any part in the occurrence and that he was the person who sold the bottle rocket. In *Southland Mobile Home Corp.* v. *Winders*, 262 Ark. 693, 694, 651 S.W.2d 280, 280-81 (1978), we wrote:

> The true test is whether the answer of the non-defaulting defendant states a defense that is common to both defendants, because then "a successful plea . . . operates as a discharge to all the defendants but it is otherwise where the plea goes to the personal discharge of the party interposing it."

■ Here, separate defendant Sexton's defense was personal to him. It was not a defense in common with the separate corporate defendants, and did not inure to their benefit. Accordingly, the trial court did not err in refusing to set aside the default judgment on the basis that a timely common answer was filed.

■ The corporate defendants next argue that the default judgments against them should be set aside because of mistake or inadvertence. We summarily dispose of the argument, since the record does not give any reason for the failure to file timely answers. While the amended version of ARCP Rule 55(c) is designed to provide some relief from the onerous consequences of our prior rule, we did not intend to render meaningless the requirement that an answer must be filed within a set time. The trial court did not err in refusing to set aside the default judgment because of mistake or inadvertence.

Affirmed.