ARNOLD & ARNOLD *v.* Gregory L. WILLIAMS, Larry R. Williams and Karen A. Williams
and
Gregory L. WILLIAMS, Larry R. Williams and Karen A. Williams *v.* ARNOLD & ARNOLD

92-1271                                              870 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered January 31, 1994
[Rehearing denied February 28, 1994.*]

*Corbin, J., not participating

*Gregory L. Williams*, Pro se.

*Larry R. Williams*, Pro se.

*Karen A. Williams*, Pro se.

*Atchley, Russel, Waldrop & Hlavinka, L.L.P.*, by: *Jeffery C. Lewis* and *Victor Hlavinka*, for appellees.

ROBERT H. DUDLEY, Justice. This is a consolidated appeal of two cases from the Chancery Court of Howard County. Both cases arise from a dispute between a law firm, Arnold and Arnold, and its former clients, the Williamses. Before these cases were filed, Larry and Karen Williams employed the law firm to represent them in five lawsuits unrelated to this appeal. Arnold and Arnold apparently wanted some assurance its fees would be paid, and, therefore, Gregory Williams, the son of appellants Larry and Karen Williams, conveyed real property by warranty deed to the law firm as security for the services to be rendered in the five cases. Arnold and Arnold subsequently represented Larry and Karen Williams in the appeal of a suit they had brought against some employees of the Farmers Home Administration, *see Williams* v. *Lyng*, No. 85-4124 (W.D. Ark. June 5, 1989), *aff'd*, 902 F.2d 1573 (8th Cir. 1990), *cert. denied*, 110 S. Ct. 3282 (1990); in the retrial of a condemnation case, *see Williams* v. *Arkansas State Highway Comm'n*, 21 Ark. App. 98, 730 S.W.2d 245 (1987), and an unpublished opinion dated June 12, 1991, *Williams* v. *Arkansas State Highway Comm'n*; in a Farmers Home Administration foreclosure case, *see United States* v. *Williams*, No. 87-4014 (W.D. Ark. Jan 5, 1990), appeal dismissed, No. 90-2390 WA (8th Cir. 1991); and in a Chapter 12 bankruptcy proceeding. By June 1990, the amount of the fees owing had become a matter of dispute between the parties. Arnold and Arnold ter-

minated its representation of the Williamses because it alleged that at that time the Williamses refused to pay any of the $37,000 fees and expenses owed and that the Williamses had represented the land as being worth $100,000 when, in fact, an appraisal showed it to be worth only $18,000. After the dispute arose, Gregory Williams filed a notice of *lis pendens* against the land he had conveyed to Arnold and Arnold as security for the fees.

On August 29, 1990, Arnold and Arnold, a partnership, filed suit in Howard County Chancery Court against the three Williamses. The complaint asked the court to remove the cloud on the title to the real estate, for damages as a result of the slander of title occasioned by the filing of the *lis pendens*, for fees and expenses for its legal work, and for an order of the court selling the real estate so that the amount due the law firm might be satisfied, and the surplus, if any, to go to Gregory Willams. This suit was assigned case No. E-90-127 and is the first of the two cases involved in this consolidated appeal. It will be referred to as the Arnold suit. On September 24, 1990, the chancellor granted the Williamses an extension until October 13, 1990 to file an answer. On October 15, 1990, two days after the deadline, the Williamses filed an answer.

On that same day, October 15, 1990, the Williamses filed a separate suit against Arnold and Arnold in the same chancery court. Their *pro se* complaint alleged breach of contract, excessive fees, and failure to adequately perform legal services and asked for damages and to have the warranty deed set aside. This suit, referred to as the Williams suit, was assigned case No. E-90-156. On November 9, 1990, the law firm filed an answer and a counterclaim in this suit. The counterclaim was virtually identical to the complaint the law firm had filed in its original suit, the Arnold suit, and the prayer asked for the same relief. The law firm perfected service on its counterclaim against the three Williamses on November 7, 1990. The Williamses did not file a timely answer to the counterclaim.

On February 21, 1991, Arnold and Arnold gave the Williamses notice that it intended to take a default judgment on the counterclaim. On February 25, 1991, the Williamses filed a response to the motion for default judgment and, in addition, filed an answer to the counterclaim. This answer was filed over

three and one-half months after service of the counterclaim on the Williamses.

Chancellor Ted Capehart originally presided over both of these cases, but, upon motion of the Williamses, disqualified. Chancellor Gayle Ford was assigned to try the cases as a chancellor on exchange. On June 22, 1991, Steve Clark entered his appearance on behalf of the Williamses. Among the numerous pleadings and motions filed, the Williamses asked that the two cases be consolidated because both cases involved the same matters of fact and law. They also asked that the consolidated cases be transferred to circuit court. They additionally moved to dismiss their claim of malpractice against Arnold and Arnold, and Gregory Williams pleaded that he had released the *lis pendens*. After more than four hundred pages of pleadings and exhibits had been filed, the assigned chancellor, on December 16, 1991, issued a letter opinion setting out findings of fact and conclusions of law. Those findings and conclusions were entered as a formal order on April 10, 1992.

That order provided that the Williamses' untimely answer to Arnold and Arnold's counterclaim filed in the Williams suit should be struck, and that the Williamses' answer that had been filed in the Arnold suit should also be struck. In it, the chancellor granted Arnold and Arnold a default judgment as to liability on its counterclaim and, pursuant to ARCP Rule 55(d), set a hearing at a future date to determine the amount of damages, or fees, due the law firm. The chancellor granted the Williamses' motion to consolidate the two cases, but did not rule on some other pending motions because "the above rulings obviate the necessity of deciding" those matters. The Williamses appeal from the order. We affirm the rulings in both cases.

■ Procedurally, the record does not clearly show a determination of the counts set out in the Williamses' complaint, nor does it show any disposition of the real estate issues. It does show that the amount of damages has not yet been determined. Thus, the order appealed from is not a final judgment. However, Rule (2)(a)(4) of the Rules of Appellate Procedure expressly provides for an appeal from "[a]n order which strikes out an answer, or any part of an answer," and we have construed that rule to authorize an appeal when an answer has been stricken, even

if it is not a final judgment. *Arnold Fireworks Display, Inc.* v. *Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). That case further provides that, in deciding the appeal, we should rule on all the issues dependent upon the stricken answer. Consequently, we address the merits of the appeal regarding the stricken answers and the default judgment.

■ The Williamses' first two assignments of error involve Arnold & Arnold's counterclaim to the Williams suit. Their first assignment is that the chancellor erred in ruling that Arnold and Arnold's counterclaim was properly served upon them. The chancellor found that each of the Williamses signed the complaint, they did not include an address for service of subsequent pleadings, and the counterclaim was mailed to them at their last known address. From those facts, the chancellor concluded that Arnold and Arnold had complied with ARCP Rule 5 and that the Williamses had been properly served. The Williamses argue, pursuant to provisions of ARCP Rule 4, service was not had on Gregory and Karen Williams because the counterclaim was not mailed to them by restricted delivery. They also argue that because Larry Williams was incarcerated in a federal penitentiary from October 15, 1990 until February 15, 1991, the provisions of ARCP Rule 4 require service upon the superintendent of the institution, and that was not done. It is without dispute that Arnold and Arnold did not comply with the requirements of ARCP Rule 4, but that is immaterial since that rule governs personal service of the summons and complaint. It does not govern the service of a counterclaim. Rule 5 governs the service of all pleadings filed subsequent to the complaint, and that is the rule with which Arnold and Arnold complied. The chancellor was eminently correct in ruling that service was perfected pursuant to Rule 5.

In their second assignment of error, the Williamses argue that the chancellor erred striking their answer to the counterclaim and in granting a default judgment against them. The chancellor's finding of fact and ruling on the law was as follows:

> The Williamses did not file an answer until over three months from the filing and mailing of the counterclaim. The counterclaim was mailed to the three defendants at 301 North Seventh Street, Nashville, Arkansas, 71852, which is the address of some, if not all of the defendants.

> The Williamses made no showing of unavoidable casualty or delay. Their answer to the counterclaim was untimely, and therefore stricken.

After striking the answer, the chancellor granted the default judgment as to liability.

■■ It is well established that the standard of review of the granting of a default judgment is whether the trial court abused its discretion. *Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). In their brief in this court, the Williamses first contend that Chancellor Ford abused his discretion in striking their untimely answer to the counterclaim because Chancellor Capehart, the original presiding judge, stayed the proceedings, and, as a result, they were not required to file an answer until the stay was lifted. The argument is wholly without merit. We summarily resolve this argument by stating that the record does not reflect that a stay order was issued. In oral argument of this appeal, Karen Williams, one of the *pro se* appellants, stated that the basis of the argument was that someone had phoned Judge Capehart, an acquaintance, about a stay, but she admitted that he did not execute such an order. Indeed, he recused from the cases on the Williamses' motion and asked to have another judge assigned.

■ In oral argument, Gregory Williams, in a statement that is somewhat inconsistent with the foregoing argument, stated that they did not file an answer to the counterclaim within the time allowed because he read the rules of civil procedure to require service under ARCP Rule 4, rather than Rule 5. As a result, they did not think service on the counterclaim had been perfected and, therefore, an answer was not necessary. They were mistaken in their interpretation of the rules of civil procedure. In an analogous holding involving a *pro se* litigant we said, "[I]f merely declaring ignorance of the rules of procedure were enough to excuse lack of compliance, it would be just as well to have no rules since an appellant could simply bypass the rules by claiming a lack of knowledge." *Garner* v. *State*, 293 Ark. 309, 310, 737 S.W.2d 637, 638 (1987). All litigants, including those who proceed *pro se*, must conform to the rules of procedure, or else demonstrate good cause for not doing so. *Key* v. *State*, 297 Ark. 111, 759 S.W.2d 567 (1988).

Under this same assignment of error, the Williamses additionally argue that the chancellor abused his discretion in striking the answer to the counterclaim because the chancery court was without jurisdiction over the counterclaim because Larry Williams was in prison and counsel was not appointed for him pursuant to ARCP Rule 17(c). We might summarily dismiss the argument because the record does not contain evidence of the dates of Larry Williams's incarceration, but, even assuming the general allegation is true, we affirm the ruling. The record reflects that Steve Clark, then a member of the bar, entered his appearance for the Williamses on June 24, 1991. The record does not show that he was discharged as counsel before the default judgment was entered. In fact, the record reflects that Clark still represented the Williamses at the time of the chancellor's letter opinion. The chancellor gave Clark notice of the hearings on the motion, and the subsequent letter opinion, dated December 10, 1991, was addressed to Steve Clark as attorney for the Williamses. On May 1, 1992, long after the default judgment had been entered, the Williamses filed a motion for a stay in these cases, and in it they state, in part: "Steve Clark is attorney of record in the referenced matters." The records of this court reflect that Steve Clark was a member of the bar until May 4, 1992, when he surrendered his license. Thus, Larry Williams was represented by counsel at the time the answers were stricken and at the time the default judgment was granted, and, consequently, there was compliance with the rule. Additionally, even if there had not been compliance with the rule, the judgment would not have been void, but merely voidable. *Zardin* v. *Terry*, 275 Ark. 452, 631 S.W.2d 452 (1982). In sum, the Williamses have not shown that the chancellor abused his discretion in striking the answer to the counterclaim, and they have not shown any reason that the chancellor abused his discretion in granting the default judgment after the answer to the counterclaim was struck.

In their third assignment of error, the Williamses argue that the chancellor abused his discretion in striking their answer to the Arnold complaint, case number E-90-127. In striking this answer, the chancellor stated: "The Williamses got exactly what they asked for, that is, an extension until October 13, 1990, yet an answer was not filed until two days later." The Williamses contend that since the 13th of October was a Saturday, when the

chancery clerk's office was closed, the filing of their answer on the following Monday was timely. See ARCP Rule 6(a). It is an argument we do not reach; for even if it should be meritorious, it would make no difference in the outcome of this case, the Arnold case, because it is barred by the doctrine of claim preclusion.

■ ■ The allegations contained in the complaint in this case are virtually identical to the allegations contained in the counterclaim. The default judgment on the counterclaim is now affirmed. Arnold and Arnold pleaded res judicata and, in their brief in support of their motion in the trial court to consolidate the two cases, the Williamses stated: "To try or bring to hearing one case before the other could result in res judicata which may constitute an absolute bar to a subsequent action involving the same claim, demand or cause." This is a very unusual appeal. It is an appeal from two consolidated chancery court cases. We review such cases *de novo* and can apply the appropriate remedy in this court. *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). Since the complaint in this case, the Arnold case, is virtually identical to the allegations contained in the counterclaim in the other case, the Williams case, and since a default judgment was granted on the counterclaim, and is now affirmed, the claims contained in this complaint, the Arnold complaint, are barred under the doctrine of claim preclusion. *See Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). Thus, it does not matter whether an answer was timely filed.

■ In their last assignment of error, the Williamses contend that they inadvertently filed their complaint in chancery court in E-90-156 and the case should be transferred to circuit court. This is the case in which the default judgment is now affirmed. We decline to address the issue, as it does not procedurally come within the purview of this type of interlocutory appeal. We accept this appeal from a judgment that is not final only to address those matters that are related to the striking of the answer. See Ark. R. App. P. (2)(a)(4) and *Arnold Fireworks Display, Inc.* v. *Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). This is an interlocutory appeal, and the case must be remanded for the assessment of damages on the counterclaim. We leave the issue of transfer of some or part of the allegations of the complaint to the chancellor.

Affirmed and remanded.

Hays and Brown, JJ., dissent.

Steele Hays, Justice, dissenting. Today's decision narrowly interprets the rules of civil procedure and completely ignores the 1990 Amendment to ARCP Rule 55 which adopted a more liberal standard regarding default judgments to reflect a preference for deciding cases on the merits rather than on technicalities. Because I believe the trial court erred in striking the answers in both cases and in granting a default judgment in Case No. E-90-156, I dissent to the Court's holding.

The Williamses argue the trial court erred in striking their answer in Case No. E-90-127. Although Arnold & Arnold originally filed its complaint on August 29, 1990, the chancellor granted the Williamses' motion for an extension to file their response until October 13, 1990. October 13 fell on Saturday and the Williamses filed the response on Monday, October 15. However, the trial court concluded the answer was untimely since it was filed two days beyond the allowed extension. The Williamses contend that since the 13th of October was a Saturday, when the clerk's office was closed, the filing of their response on the following Monday was timely, citing ARCP Rule 6(a). ARCP Rule 6 provides in relevant part:

> In computing any period of time prescribed or allowed by these rules, by order of the Court or by any applicable statute, the day of the act, event or default from which the designated period of time begins shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Although this rule may have been drafted for situations in which a party is given a certain number of days (30, 60, 90, etc.), I believe the principles outlined in the rule also apply where the order specifies a particular date, and certainly that rationale should apply where default is the issue. Consequently, I would hold that the trial court abused its discretion in striking the answer as untimely given the particular circumstances.

In addition, the Williamses allege the trial court erred in granting a default judgment in Case No. E-90-156 due to their

failure to timely answer the counterclaim. ARCP Rule 55(a) states: "[w]hen a party against whom a judgment for affirmative relief is sought has *failed to appear or otherwise defend* as provided by these rules, judgment by default may be entered by the court." (Emphasis supplied.) In determining whether the trial court abused its discretion, the appellate court must *consider the nature of the mistake causing a failure to respond on a case by case basis. Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). (Emphasis supplied.)

In the instant cáse, Arnold & Arnold filed its answer and counterclaim in Case No. E-90-156 on November 9, 1990, and filed a motion for default judgment on February 21, 1991. Although the Williamses had not answered the counterclaim, they had previously filed an answer to the complaint in Case No. E-90-127 which involved the same causes of action. Further, they had filed a motion for continuance in the original action (E-90-127) only nine days after Arnold & Arnold filed its answer and counterclaim in E-90-156. The Williamses also maintain they were not required to respond to the counterclaim since the trial court stayed all matters relating to the proceedings. The record does not contain an order granting the motion for continuance, but it does reflect that the trial, which was originally scheduled for December 12, 1990, was postponed. In addition, the Williamses alleged that Larry Williams was incarcerated in a federal penitentiary from October 15, 1990, until February 15, 1991. The Williamses, in fact, filed their answer in E-90-156 only ten days after Larry Williams was allegedly released from incarceration and only four days after the motion for default judgment had been filed.

It is significant that Case No. E-90-127 and Case No. E-90-156 are essentially a single action. This action consists of the original action by Arnold & Arnold (E-90-127), an answer by the Williamses (Oct. 15, 1990), a "counterclaim" by the Williamses (filed as E-90-156), and an answer to the Williamses' action (November 9, 1990). Had the Williamses simply filed a counterclaim in E-90-127 rather than filing the separate action in E-90-156, Arnold & Arnold would not have filed the counterclaim which resulted in the default judgment. Further, the Williamses' answer in the original action (E-90-127) is essentially an answer to the counterclaim by Arnold & Arnold in E-90-156.

Consequently, this case is comparable to *Cammack* v. *Chalmers*, 284 Ark. 164, 680 S.W.2d 689 (1984), where we sustained the trial court's denial of appellants' (plaintiffs below) motion for a default judgment. The appellees (defendants below) filed a timely special appearance and moved for dismissal. The trial court requested the opposing litigants to submit a proposed order. After some two and one-half months (on November 17, 1980) the trial court denied the motion and gave appellees twenty-five days to answer. That order was not received by appellees but on February 4, 1981, counsel for appellants notified counsel for appellees the order had been entered. On April 10 appellees filed a responsive pleading and appellants maintained they were entitled to a default judgment. In affirming the trial court's refusal to grant a default judgment, we cited language of Ark. R. Civ. P. 55 that a judgment by default may be granted when a party "fails to appear or otherwise defend," pointing out that these appellees defended when they filed their motion to dismiss.

Further, this case has notable similarities to *Sparks* v. *Shepherd*, 255 Ark. 969, 504 S.W.2d 716 (1974), where we affirmed a trial court's denial of appellants' motion for default judgment where appellees had failed to answer a counterclaim. In a land title dispute, the appellees originally filed an action which sought to enjoin the appellants from trespassing. The appellants filed an answer and a counterclaim which challenged the appellees' chain of title. After filing an answer to the counterclaim, the appellees requested and were granted a nonsuit. However, the issue of the counterclaim remained before the trial court. Shortly after the dismissal without prejudice, the appellees filed a new cause of action against the appellants. Once again, the appellants filed an answer which contained a counterclaim. This time, the appellees failed to answer the counterclaim within the statutory period for filing a reply. The chancellor denied the appellants' motion for default judgment and held that the pleading filed by the appellants was more in the nature of an answer than of a counterclaim and did not require a response by the appellees. In sustaining the action of the trial court, we found justification for a finding of excusable neglect or "other just cause" in the circumstances prevailing because the very issues raised by the appellants were already an issue in the first case by virtue of the pleadings then extant, i.e., the counterclaim and reply thereto. Also,

in *Easley* v. *Inglis*, 233 Ark. 589, 346 S.W.2d 206 (1961), we said that if an answer to a "counterclaim" had been stricken as untimely, the refusal to grant a default judgment would not have been error, because testimony of the same issues would necessarily be heard on the issues made by the pleadings that were timely filed. *See Also Jetton* v. *Fawcett*, 264 Ark. 69, 568 S.W.2d 42 (1978).

We have often said that default judgments are not favored in the law and a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *Maple Leaf Canvas, Inc.* v. *Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992). We have said repeatedly that default judgments should be avoided when possible. *Tapp* v. *Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987). In furtherance of that view, the 1990 Amendment to ARCP Rule 55 adopted a more liberal standard regarding default judgments and represents a preference for deciding cases on the merits rather than on technicalities. *Divelbliss, supra; See also* Reporter's Note to the 1990 Amendment. Under the current rule, a default judgment may be set aside on the basis of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. ARCP Rule 55(c). Under the prior rule, a default judgment could be set aside only upon a showing of "excusable neglect, unavoidable casualty, or other just cause." *Id.*

The 1990 Amendment adopts the language found in the Federal Rules of Civil Procedure regarding mistake, inadvertence, and surprise. In fact, the Reporter's Note to the 1990 Amendment states:

> The standard in amended Rule 55(c) for setting aside a default is taken from Federal Rule Civil Procedure 60(b), which is made applicable in the default judgment context by Federal Rule 55(c), and should be interpreted in accordance with federal case law.

Consequently, we should examine federal case law in order to interpret the mistake, surprise, and inadvertence language found in the amended rule. The United States Court of Appeals for the Sixth Circuit has stated:

> Where default results from an honest mistake "rather than

willful misconduct, carelessness or negligence" there is especial need to apply [Fed. R. Civ. P.] Rule 60(b) liberally.

*United Coin Meter* v. *Seaboard Coastline RR.*, 705 F.2d 839 (6th Cir. 1983). In addition, the Fifth Circuit has reversed a district court's dismissal with prejudice due to the failure of counsel to appear at a scheduled trial. *N.L.R.B.* v. *B.D. Holt Company*, 516 F.2d 505 (5th Cir. 1975). In reversing, the circuit court concluded that the counsel failed to appear because a "too busy" lawyer and a "too busy" Judge had a series of misunderstandings. *Id.* The court noted the misunderstandings lacked any suggestion of "contumacious indifference to the Court of the kind we generally regard as requisite to the use of this severe action." *Id.*

Finally, "[t]he party seeking to have the judgment set aside must demonstrate a meritorious defense to the action." ARCP Rule 55(c); *See also. Hubbard* v. *The Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993). The court has defined meritorious defense as:

> [E]vidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

*RLI Ins. Co.* v. *Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991). The Williamses presented sufficient evidence to establish that Arnold & Arnold agreed to represent Larry Williams in four cases until the appeals were completed and that Arnold & Arnold withdrew from the representation prior to completion. Proof of a breach of contract is a valid defense to the counterclaim for quiet title; therefore, the evidence is sufficient to justify a determination of the issue by a trier of fact.

Although the Williamses had not responded to the counterclaim in E-90-156, they continued to respond in E-90-127 which involved the same issues. Further, the Williamses acted with promptness in responding to the motion for default judgment and have demonstrated a meritorious defense to the action. *See Morrissee* v. *Defensive Instruments, Inc.*, 16 Fed. R. Serv. 2d 358 (1972). Based upon these factors and those mentioned above, I

am persuaded their failure to file a timely answer is attributable to mistake or inadvertence. Accordingly, I would find the granting of the default judgment and striking of the Williamses' answer in Case No. E-90-156 to be an abuse of discretion.

BROWN, J., joins in this dissent.

*Corbin, J., not participating.