SLIP OPINION

Cite as 2015 Ark. App. 324

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1027

| | |
|---|---|
| STEPHANIE REYNOLDS<br>APPELLANT/<br>CROSS-APPELLEE | **OPINION DELIVERED** MAY 20, 2015 |
| | APPEAL FROM THE HEMPSTEAD<br>COUNTY CIRCUIT COURT<br>[NO. 29-CV-13-178-2] |
| V. | |
| | HONORABLE DUNCAN<br>CULPEPPER, JUDGE |
| SEAN LINDBERG<br>APPELLEE/<br>CROSS-APPELLANT | DISMISSED ON DIRECT APPEAL<br>AND ON CROSS-APPEAL |

**ROBERT J. GLADWIN, Chief Judge**

The Hempstead County Circuit Court denied appellant Stephanie Reynolds's motion to set aside the default judgment filed against her on February 10, 2014, with the exception of two allegations in appellee Sean Lindberg's complaint that failed to state a cause of action. Reynolds contends on appeal that the circuit court erred in denying her motion to set aside the default judgment. On cross-appeal, appellee/cross-appellant Lindberg contends that the circuit court erred in refusing to grant a default judgment on the two claims. We dismiss on direct appeal and on cross-appeal.

On the night of November 11, 2012, Lindberg was riding a Polaris utility vehicle on Reynolds's property and drove off a cliff, fracturing his neck and back. Lindberg filed a complaint against Reynolds on October 31, 2013, alleging that Reynolds was his employer

and that he was injured while working for her. The complaint contained an allegation that Reynolds's actions violated Arkansas Code Annotated section 18-11-307 (Repl. 2003) and that her actions were malicious in her failure to warn him of the change in the trail that led to a cliff. Further, there were allegations and claims for punitive damages.

Reynolds was served with a summons and complaint on November 27, 2013. On January 13, 2014, Lindberg filed a motion for default judgment on liability alleging that more than thirty days had passed since Reynolds had been served and that she was in default. On January 24, 2014, Reynolds filed a general answer. A motion to strike that answer was filed by Lindberg on January 28, 2014.

An amended answer was filed on January 29, 2014, which contained allegations that the complaint failed to state a cause of action upon which relief could be granted under Arkansas Rule of Civil Procedure 12(b)(6) (2013), that Lindberg was guilty of contributory fault or negligence, that Lindberg was not employed by Reynolds, and that punitive damages would be unconstitutional. In response, Lindberg filed on January 30, 2014, a second motion to strike Reynolds's answer.

A default judgment on liability was filed on February 6, 2014, with a provision that a damages hearing would be held at a later date. A motion to set aside the default judgment was filed on February 14, 2014, and Reynolds alleged that, pursuant to Arkansas Rule of Civil Procedure 55(c) (2013), the default judgment should be set aside on the grounds that the answer was filed late due to (1) mistake, inadvertence, surprise, or other excusable neglect, and (2) for other reasons justifying relief from the operation of the judgment in

SLIP OPINION

question. Reynolds also claimed to have meritorious defenses to the complaint, and she asserted that the complaint failed to state significant facts to constitute a valid cause of action. Lindberg filed a response to Reynolds's motion to set aside on February 25, 2014, and argued that she was not entitled to relief under Rule 55(c).

Reynolds supplemented her motion to set aside the default judgment on three occasions, attaching affidavits and medical records in support of her motion, as well as asserting that her reason for failing to file a timely answer was due to confusion after having received a courtesy copy of the complaint in July 2013.

A hearing on the motion to set aside the default judgment was held June 20, 2014. The circuit court sent a letter ruling to the parties and attorneys on June 25, 2014, and declared that the order granting default judgment was partially set aside with regard to section 18-11-307 and punitive damages. An order reflecting the circuit court's ruling was filed on August 6, 2014, finding that Reynolds was served on November 27, 2013, and failed to file her answer until January 24, 2014. The order stated that a motion for default judgment was filed January 13, 2014, and that, pursuant to Arkansas Rule of Civil Procedure 55(a), a default judgment was filed on February 10, 2014. The court further found as follows:

> This Court finds and holds that [Reynolds] failed to establish the existence of any of the grounds set forth in Rule 55(c) of the Arkansas Rules of Civil Procedure necessary to warrant this Court setting aside said Default Judgment. Accordingly, [Reynolds's] Motion to Set Aside the Default Judgment entered by this Court in favor of [Lindberg] is denied with respect to all of the allegations in the Complaint with the exception of the allegations which pertain to liability under Ark. Code Ann. § 18-11-307 (recreational act) and the allegations for punitive damages. With respect to these two theories of recovery, this Court specifically finds that the Complaint fails to state a cause of action under Ark. Code Ann. § 18-11-307 and for punitive damages.

The circuit court then ordered that the parties conduct discovery and proceed with a trial on the merits with respect to the damages recoverable by Lindberg on his theory of negligence.

Lindberg filed a motion to amend and modify the circuit court's order on September 4, 2014, petitioning the court under Arkansas Rule of Civil Procedure 60 (2014). He claimed that the important issue at the hearing was that Reynolds "gave the summons and complaint to her insurance company representative." Reynolds's insurance company was Colony Insurance Company (Colony). Lindberg alleged that Colony had filed a complaint for declaratory judgment against both Lindberg and Reynolds and that Colony was "attempting to take advantage of the fact that even though Reynolds gave the summons and complaint to her insurance representative it was not mentioned in the order." A proposed agreed order containing the following language was submitted with the motion:

> The Court finds that [Reynolds] was properly served and gave the Summons and Complaint to Colony Insurance Company within thirty (30) days of her being served.

The remainder of the original order was left unchanged in the proposal. A notice of appeal was filed on September 4, 2014, wherein Reynolds alleged that the appeal was pursuant to Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure. Ark. R. App. P.–Civ. 2(a)(4) (2014).

An amended order was file-marked on October 13, 2014, and contains the agreed-upon language.[1] A supplemental notice of appeal was filed by Reynolds on October 27,

---

[1]The amended order does not reflect the circuit court's signature in either the record or the addendum.

2014, adding the amended order to her appeal. Also on October 27, 2014, Lindberg filed a notice of cross-appeal without designating the order or judgment from which he was appealing, but stating that he was appealing from the "court's ruling dismissing the Plaintiff's claim under Ark. Code Ann. § 18-11-307 and for punitive damages."

Reynolds claims that her appeal is based on the circuit court's denial of her motion to set aside the default judgment and striking her answer to the complaint; she relies on Rule 2(a)(4), which permits an interlocutory appeal from an order striking an answer or any pleading, even when issues of damages remain pending in a case where a default judgment has been granted. *See Arnold & Arnold v. Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994) (construing Ark. R. App. P.–Civ. 2(a)(4) to authorize an appeal when an answer has been struck, even if it is not a final judgment). Because there has yet to be a trial on damages under the negligence theory of the complaint, we would have jurisdiction of this interlocutory appeal only pursuant to Rule 2(a)(4). However, neither the order nor the amended order specifically states that it was striking appellant's answer. Without the circuit court's ruling on that issue, this court cannot apply Rule 2(a)(4) to obtain jurisdiction. *See String v. Kazi*, 312 Ark. 6, 846 S.W.2d 649 (1993) (where the Arkansas Supreme Court dismissed the appeal for lack of finality when a late answer and counterclaim were filed, the plaintiff was granted a default judgment for the full amount of damages prayed, the defendant moved to set aside the default judgment, the plaintiff moved to strike the counterclaim, and the trial court did not set aside the default judgment as to liability, but did set it aside as to damages, refusing to strike the counterclaim). Here, according to the circuit court's order,

the motion to strike the answer was not granted, as no mention of it was made. Without that ruling, we are in the same position as the supreme court was *String*; the order is not final because it does not dismiss the parties or conclude their rights to the subject matter in controversy.

Also pursuant to Rule 2(a)(4), this court does not have jurisdiction of the cross-appeal, as we hold that the circuit court did not strike the answer, and if it had, the cross-appeal would not relate to that ruling. *See Baylark v. Helena Reg'l Med. Ctr.*, 2012 Ark. 405 (where the Arkansas Supreme Court found that an appeal from an order striking an answer is accepted only to address those matters that are related to the striking of the answer). The cross-appeal relates to the allegations in Lindberg's complaint that failed to state a claim. The circuit court's order denies Reynolds's motion to set aside the default judgment

> with respect to all of the allegations in the Complaint with the exception of the allegations which pertain to liability under Ark. Code Ann. § 18-11-307 (recreational act) and the allegations for punitive damages. With respect to these two theories of recovery, this Court specifically finds that the Complaint fails to state a cause of action under Ark. Code Ann. § 18-11-307 and for punitive damages.

This order places Lindberg's appellate issues in the framework of the circuit court's denial of the motion to set aside the default judgment, not Lindberg's motion to strike the late answer. Accordingly, we do not have jurisdiction to hear the cross-appeal based on Arkansas Rule of Appellate Procedure–Civil 2(a)(4).

Dismissed on direct appeal and on cross-appeal.

VIRDEN and HIXSON, JJ., agree.

*Laser Law Firm*, by: *Dan F. Bufford; and*
*Langdon & Davis, L.L.P.*, by: *Brent Langdon*, for appellant.

*Ogles Law Firm, P.A.*, by: *John Ogles*;
*McKenzie, Vasser & Barber, PLLC*, by: *Glenn Vasser*; and
*Vickie L. Gillian*, for appellee.