SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–16–754

|  |  |
|---|---|
| | Opinion Delivered May 31, 2017 |
| JPMORGAN CHASE BANK, N.A. APPELLANT | |
| | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CV-15-15] |
| V. | |
| FORLANDA A. SCOTT AND PELVIN L. SCOTT III APPELLEES | HONORABLE HAROLD S. ERWIN, JUDGE |
| | MOTION TO DISMISS GRANTED |

## N. MARK KLAPPENBACH, Judge

JPMorgan Chase Bank, N.A. (Chase), appeals from the Jackson County Circuit Court's order granting a default judgment to appellees Forlanda A. Scott and Pelvin L. Scott III (the Scotts) as a discovery sanction pursuant to Arkansas Rule of Civil Procedure 37. Before we can reach the merits of the case, we must address the motion to dismiss the appeal filed by the Scotts. We conclude that we lack jurisdiction and dismiss the appeal.

As a sanction for discovery violations, the order on appeal holds Chase in default as to the Scotts' counterclaims and dismisses Chase's complaint for forcible entry and unlawful detainer. The order states that the Scotts are permitted to proceed to a jury trial on damages for all of the causes of action in their counterclaim. There is no dispute that the order is not final because it determined only liability and reserved for trial the amount of damages. *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991). However, Chase contends that the appeal is a proper interlocutory appeal pursuant to Arkansas Rule of

SLIP OPINION

Appellate Procedure–Civil 2(a)(4), which provides that an appeal may be taken from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action." Ark. R. App. P.–Civ. 2(a)(4). An order striking a pleading that may be appealed pursuant to Rule 2(a)(4) must be appealed within thirty days from its entry; it cannot be challenged as an intermediate order after entry of final judgment. *In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357.

Among the discovery sanctions a court may enter is "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Ark. R. Civ. P. 37(b)(2)(C). Here, the trial court entered a judgment by default, but it did not strike any pleadings. Nevertheless, Chase contends that the trial court "implicitly" struck Chase's answer based on its assertion that a default judgment may be entered pursuant to Rule 37 only if the requirements for a default judgment under Rule 55 are met. *See* Ark. R. Civ. P. 55 (providing that a default judgment may be entered when a party has "failed to plead or otherwise defend as provided by these rules"). The supreme court, however, has held that Rule 55 requirements do not apply to Rule 37 sanctions. *Nat'l Front Page, LLC v. State ex rel. Pryor*, 350 Ark. 286, 86 S.W.3d 848 (2002); *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). Therefore, Chase's argument is without merit. Because the order does not strike Chase's answer, the appeal cannot be brought pursuant to Rule 2(a)(4). *See Reynolds v. Lindberg*, 2015 Ark. App. 324.

SLIP OPINION

Motion to dismiss granted.

GRUBER, C.J., and HIXSON, J., agree.

*Wright, Lindsey & Jennings LLP*, by: *Gary D. Marts, Jr.*; and *Quillings, Selander, Lownds, Winslett & Moser, P.C.*, by: *Marcie L. Schoutt*, pro hac vice, for appellant.

*Ford & Cook, PLC*, by: *Bryce D. Cook*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellees.