MIKE MURPHY, Judge
This is a pro se appeal from an amended decree of divorce that the Pulaski County Circuit Court entered on October 31, 2016. The appellant, William McDaniel, Jr. ("William"), alleges that the circuit court erred when it unequally divided the marital assets; when it awarded retroactive and future amounts of alimony; when it failed to consider alimony and property division together to achieve an equitable division of assets; when it awarded retroactive and future amounts of child support; and when it failed to consider documents that William transmitted to the court ex parte before the final divorce hearing.
This is the second time that this case is before us. On April 25, 2018, we remanded the case to supplement the record and ordered rebriefing. See McDaniel v. McDaniel , 2018 Ark. App. 269, at 3-4. Notably, we observed that "William's abstract does not offer an impartial condensation of the record, as it appears that he fails to include portions of the transcript that are not beneficial to his case." Id. at 3. The abstract was also deficient because it was presented in question-and-answer format in violation of Arkansas Supreme Court Rule 4-2(a)(B), and "several pages of testimony [were] summarized without appropriate references to the record." Id. We also observed that the addendum violated Arkansas Supreme Court Rule 4-2(a)(8) because it omitted "several documents that Judith filed in the case-including her counterclaim for divorce-as well as the last of the five notices of appeal that William filed below." Id. We further noted that documents that may be relevant to the issues on appeal were not in the record. Id. Finally, we "strongly encourage[d] William to review the rules and to ensure that no other deficiencies exist beyond those identified." Id.
It appears that William has adequately supplemented the record. His substituted addendum also substantially complies with Arkansas Supreme Court Rule 4-2(a)(8). The substituted abstract, however, manifestly fails to cure the deficiencies that we outlined in our previous opinion.
*870 We therefore affirm the decree pursuant to Arkansas Supreme Court Rule 4-2(b)(3).
As we noted before, Arkansas Supreme Court Rule 4-2(a)(5) provides that the abstract "shall be an impartial condensation" of the transcript, and "[n]o more than one page of a transcript shall be abstracted without giving a record page reference." Ark. Sup. Ct. R. 4-2(a)(B) (2017). "The question and answer format," moreover, "shall not be used." Id.
The substituted abstract, like the first, fails to follow these rules. It still is not an impartial condensation of the record. The substituted abstract includes several "abstractor's notes" that are more argument than explanation. The summary of the testimony favors the cross-examination of Judith's witnesses-particularly her financial expert-and briefly summarizes their (sometimes extensive) direct examination. The substituted abstract also summarizes more than one page of the record without appropriate citation and, at times, appears to summarize the pages of the record out of sequence. Additionally, the substituted abstract continues to present much of the testimony in question-and-answer format.
These persistent deficiencies warrant affirming the decree without reaching the merits of William's arguments. "If after the opportunity to cure [the] deficiencies, the appellant fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment or decree may be affirmed for non-compliance with [ Rule 4-2(a) ]." Ark. Sup. Ct. R. 4-2(b)(3). Additionally, "[a]ll litigants, including those who proceed pro se , must conform to the rules of procedure, or else demonstrate good cause for not doing so." Arnold & Arnold v. Williams , 315 Ark. 632, 638, 870 S.W.2d 365, 368 (1994). As noted above, the substituted abstract fails to cure the deficiencies that we outlined in our previous opinion. Accordingly, we affirm.
Affirmed.
Whiteaker and Vaught, JJ., agree.